IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TEDRICK DEWAYNE MORGAN, § § Petitioner, § § v. § § LORIE DAVIS, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | 2:15-CV-209 |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner TEDRICK DEWAYNE MORGAN has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 181st Judicial District Court of Randall County, Texas, for the felony offense of evading arrest and the resultant 20-year sentence. For the reasons set forth below, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On April 3, 2013, petitioner was charged by indictment in Cause No. 24,034-B with the offense of evading arrest or detention, enhanced with a prior conviction for evading arrest or detention, as well as a previous felony conviction of aggravated robbery with a deadly weapon. [ECF 8-11 at 68]. Petitioner waived his rights, pleaded guilty to the offense, and on September

24, 2014, in accordance with the terms of a plea bargain agreement, the trial court sentenced him to a 20-year term of imprisonment. *See State v. Morgan*, No. 24,034-B. [ECF 8-11 at 122-36; 132]. By his plea bargain, petitioner waived his right to appeal his conviction and sentence. [ECF 8-11 at 123].

Petitioner sought collateral review of his Randall County conviction by filing a state habeas corpus petition and, on June 10, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Morgan*, No. 82,556-03. [ECF 8-10].

On June 24, 2015, petitioner deposited the instant federal habeas petition in the prison mail system and, on August 4, 2015, respondent filed her answer.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because:

1. He received ineffective assistance of trial counsel when counsel advised him to plead to an illegal sentence; and

2. He was illegally sentenced.

## III.
## STANDARD OF REVIEW

In her August 4, 2015 answer, respondent thoroughly and accurately briefed statutory and case law regarding both the applicable standards of review under 28 U.S.C. §2254 proceedings and claims of ineffective assistance of counsel. [ECF 9 at 4-8]. The Court will not repeat

respondent's recitation regarding these standards of review, as they are well established in habeas corpus law.

## IV.
## MERITS

### A.
### Illegal Sentence

Petitioner's claim that he received an illegal sentence and his claim that counsel was ineffective for advising him to plead guilty to such sentence are interrelated, and the Court will address the illegal sentence first.  As a preliminary matter, petitioner does not base his claim of receiving an illegal sentence in the state court proceedings on a violation of a federal constitutional right; consequently, that claim is not cognizable on federal habeas review.  *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982)(assuming the variance [in the dates of convictions used for enhancement] constituted a violation of state law, such violation is purely a question of state criminal procedure and does not present an issue cognizable in a federal habeas corpus action).  Federal courts will not grant habeas relief to a state prisoner in order to correct errors of state constitutional, statutory or procedural law, unless a federal issue is also present. *See Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).

As respondent has further articulated, the State had the ability to establish, by two separate methods, the elements required for a second-degree felony punishment once it secured a conviction on the evading detention offense.  Consequently, the trial court's approval of the State's 20-year punishment recommendation in exchange for petitioner's plea of guilty fell within the statutory range of punishment and was not illegal.  [Respondent's Answer, ECF 9 at 8-15].  Accordingly, petitioner's claim in this regard should be denied.

B.
Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel because counsel advised him to plead to an illegal sentence. For the reasons discussed *supra*, petitioner's sentence was not illegal; thus, it cannot be said that counsel was ineffective for advising petitioner to accept a plea deal from the State. Additionally, an ineffective assistance of counsel claim requires petitioner to show defense counsel's performance was both deficient and prejudicial under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, when a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* ___ U.S. ___, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013). Petitioner has failed to meet his burden under this standard, and his claim of ineffective assistance should be denied.

V.
AEDPA Relitigation Bar

Finally, this Court recognizes the state habeas court considered petitioner's claims raised herein and denied relief. In order to grant federal habeas corpus relief, a petitioner must demonstrate, and this Court must find, the state court determination of the facts was unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2). Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'"

*Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), *quoting* 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court. In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient. Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Alternatively, in order to grant relief, a petitioner must demonstrate, and this Court must find, the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). The state court's application of the law must be "objectively unreasonable," not "merely erroneous" or "incorrect." *Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012). The AEDPA standard is met only in cases where there is no possibility a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Petitioner has not met his burden in this regard; therefore, based on the record in the state habeas proceedings, there does appear to be a reasonable basis for the state court's decision in petitioner's case. The relitigation bar of section 2254(d) forecloses relief to petitioner in this federal habeas proceeding.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's August 4, 2015 Response [ECF 9], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner TEDRICK DEWAYNE MORGAN be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 2, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

HAB54\Morgan-209.DNY-IAC:1

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54\Morgan-209.DNY-IAC:1